UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION R |

# ORDER AND REASONS

Defendant Anthony Ellis moves to vacate his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Ellis's motion is denied.

## I. BACKGROUND

On April 20, 2015, defendant Anthony Ellis pleaded guilty to transportation of an individual for purposes of engaging in prostitution in violation of 18 U.S.C. § 2421, and conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 371 and 1591(a).[2] Ellis waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate

---

[1] R. Docs. 426, 445.
[2] *See* R. Docs. 192, 375.

proceeding.³ The Court accepted the plea agreement and sentenced Ellis to 60 months imprisonment as to conspiracy to commit sex trafficking, and 120 months imprisonment as to transportation of an individual for purposes of engaging in prostitution, to be served consecutively.⁴ In calculating the appropriate Sentencing Guidelines range, the Court increased Ellis's criminal history category from IV to VI under the career offender provision. U.S.S.G. § 4B1.1(b). The two predicate offenses warranting application of § 4B1.1(b) were two Tennessee convictions for possession of a controlled substance with intent to sell.

Ellis now moves to vacate his sentence under 28 U.S.C. § 2255 on several grounds. First, Ellis argues that his sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).⁵ Second, Ellis argues that his lawyer was ineffective for, among other reasons, failing to file a motion to suppress evidence and misleading Ellis into pleading guilty to conspiracy to defraud the United States.⁶ Third, Ellis challenges various aspects of his sentence, including his sentencing enhancements and consecutive terms of

---

3   R. Doc. 192 at 2-3.
4   R. Doc. 375 at 2.
5   R. Doc. 433 at 4; R. Doc. 445 at 7.
6   R. Doc. 433 at 5.

imprisonment, and argues that his sentence violates the Eighth Amendment.[7]

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

---

[7] *Id.* at 7.

3

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. *Johnson* and *Mathis*

Ellis first argues that his sentence is unconstitutional under the Supreme Court's recent decisions in *Johnson* and *Mathis*. The Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Mathis*, the Court elaborated on the modified categorical approach, which courts use to determine whether past convictions for offenses with alternative elements qualify as crimes of violence under the Armed Career Criminal Act. 136 S. Ct. at 2251-54.

Ellis's claim for relief is meritless for several reasons.[8] First, even if the Court relied on the residual clause of § 4B1.2(a)(2) to find that conspiracy to commit sex trafficking is a crime of violence, *Johnson* does not afford Ellis relief. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court clarified that *Johnson* does not apply to the Sentencing Guidelines. Specifically, the Court held that "§ 4B1.2(a)'s residual clause is not void for vagueness" because "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge." *Id.* at 897.

Second, Ellis cannot rely on *Mathis* to show a constitutional violation. Even if the Court relied on the elements clause of § 4B1.2(a)(1) to find that conspiracy to commit sex trafficking is a crime of violence, and this were error under *Mathis*, "[m]isapplications of the Sentencing Guidelines . . . are

---

[8] The Government further argues that this claim is procedurally defaulted and barred by the appeal waiver in Ellis's guilty plea. R. Doc. 456 at 6-9. The Court need not address these arguments because Ellis's claim fails on the merits.

6

not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Thus, Ellis's career offender enhancement did not violate due process.

## B. Ineffective Assistance of Counsel

Ellis's second asserted ground for relief is ineffective assistance of counsel. To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious

and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Ellis first argues that his trial counsel was deficient for not filing motions that could have helped him, such as a motion to suppress. But Ellis does not explain how these motions would have affected the outcome of the proceedings. *See id.* Ellis does not demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Nor does Ellis demonstrate that the motions counsel failed to file would have affected his sentence.

Ellis next argues that his trial counsel was deficient for not providing him with a discovery packet. Again, Ellis does not explain how additional access to discovery would have affected the outcome of the proceedings. *See Strickland*, 466 U.S. at 694.

Finally, Ellis argues that trial counsel led him to believe that he was pleading guilty to conspiracy to commit sex trafficking, 18 U.S.C. § 1594(c), whereas in fact he pleaded guilty under the general conspiracy statute, 18 U.S.C. § 371, and to transportation of an individual for purposes of prostitution, 18 U.S.C. § 2421. Ellis does not explain how trial counsel's allegedly misleading advice was prejudicial. Notably, the crimes to which Ellis pleaded guilty have statutory maximums of five and ten years, while conspiracy to commit sex trafficking under 18 U.S.C. § 1594(c) carries a maximum penalty of life imprisonment. Thus, Robinson's claim of ineffective assistance of counsel is meritless.

### C. Other Challenges to Ellis's Sentence

Ellis lodges various additional challenges to his sentence. To the extent Ellis challenges the application of the Sentencing Guidelines, these challenges are not cognizable in a § 2255 motion. *Williamson*, 183 F.3d at 462. Ellis further asserts that his sentencing enhancements for specific offense characteristics under U.S.S.G. § 2A3.1 violated both due process and the Eighth Amendment. The Court increased the base offense level by 4 points because the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), namely, force or the threat of force. U.S.S.G. § 2A3.1(b)(1). The Court also increased the base offense level by 2 points because one victim sustained

serious bodily injury. U.S.S.G. § 2A3.1(b)(4). The factual basis provides sufficient evidence to support these enhancements. Thus, Ellis does not demonstrate any due process violation. Additionally, Ellis does not explain, and the Court cannot discern, how these enhancements violated the Eighth Amendment.

The record conclusively shows that Ellis is not entitled to relief. Thus, no evidentiary hearing is required under 28 U.S.C. § 2255(b).

### D. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing:

(1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Ellis's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Ellis's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Ellis's 28 U.S.C. § 2255 motion. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___21st___ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE