UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION R |

### ORDER AND REASONS

Defendant Anthony Ellis has moved to vacate his sentence under 28 U.S.C. § 2255, and requests the appointment of counsel to represent him in this collateral proceeding.[1] For the following reasons, Ellis's motion for appointment of counsel is denied.

## I. BACKGROUND

On April 20, 2015, defendant Anthony Ellis pleaded guilty to transportation of an individual for purposes of engaging in prostitution in violation of 18 U.S.C. § 2421, and conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 371 and 1591(a).[2] Ellis waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate

---

[1] R. Docs. 442, 460.
[2] *See* R. Docs. 192, 375.

1

proceeding.³ The Court accepted the plea agreement and sentenced Ellis to 60 months imprisonment as to conspiracy to commit sex trafficking, and 120 months imprisonment as to transportation of an individual for purposes of engaging in prostitution, to be served consecutively.⁴

Ellis has moved to vacate his sentence under 28 U.S.C. § 2255, and now requests the appointment of counsel.

## II. DISCUSSION

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Ellis has not demonstrated that his Section 2255 motion warrants the appointment of counsel. Ellis's motion adequately presents his arguments, and it is not clear how the appointment of counsel would assist the Court in

---

3  R. Doc. 192 at 2-3.
4  R. Doc. 375 at 2.

evaluating those arguments. The Court finds that the interests of justice do not require the appointment of counsel in this case.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Ellis's motion for appointment of counsel.

New Orleans, Louisiana, this __22nd__ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE