UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                    NO. 13-286

ANTHONY ELLIS                                      SECTION "R"


**ORDER AND REASONS**

Before the Court is Anthony Ellis's motion seeking relief from the Court's judgment denying his motion to vacate his sentence under 28 U.S.C. § 2255.[1] The Court denies the motion because Ellis's alleged lack of notice of the Court's judgment does not entitle him to relief.


## I.    BACKGROUND

On April 20, 2015, defendant Anthony Ellis pleaded guilty to transportation of an individual for purposes of engaging in prostitution, in violation of 18 U.S.C. § 2421, and conspiracy to commit sex trafficking, in violation of 18 U.S.C. §§ 371 and 1591(a).[2] In his plea agreement, Ellis waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an

---

[1]    R. Doc. 499.
[2]    *See* R. Doc. 192; R. Doc. 375.

appropriate proceeding.[3]   The Court accepted the plea agreement and sentenced Ellis to 60 months imprisonment as to the conspiracy charge, and 120 months imprisonment as to the charge under Section 2121, to be served consecutively.[4]

On September 23, 2016, Ellis filed a motion to vacate his sentence under 28 U.S.C. § 2255.[5]   The Court denied the motion on February 21, 2018.[6]  Ellis has now filed a motion for relief from the judgment alleging that he did not receive notice of the Court's denial of his Section 2255 motion.[7] The government opposes the motion.[8]

## II.   DISCUSSION

Ellis contends that his lack of notice of the Court's judgment entitles him to relief under Federal Rule of Civil Procedure 60(d)(1).[9]  Rule 60(d)(1) provides that a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d)(1).  For relief under this Rule, Ellis must show "fraud, accident, or mistake which

---

[3]     R. Doc. 192 at 2-3.
[4]     R. Doc. 375 at 2.
[5]     R. Doc. 426.
[6]     R. Doc. 469.
[7]     R. Doc. 499.
[8]     R. Doc. 504.
[9]     R. Doc. 499 at 1.

prevented the defendant in the judgment from obtaining the benefit of his defense." *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir. Unit A July 1981)). Ellis states that he was not notified of the Court's judgment due to accident or mistake. He does not explain how his lack of notice prevented him from obtaining the benefit of his defense, nor does he specify the relief he seeks.

To the extent that Ellis seeks relief from the order itself, there is no basis for this under Rule 60(d)(1) or any other provision of law. If Ellis is asking the Court to extend or reopen his appeal period because his lack of notice prevented him from filing a timely appeal or a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b), this relief is not available either. The Fifth Circuit has held on multiple occasions that a defendant who was not notified of a court's judgment may not receive extra time to appeal the judgment. *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984) ("Lack of notice is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b)."); *United States v. Green*, 348 F. App'x 917, 918 (5th Cir. 2009) (holding that petitioner who did not receive notice of a judgment could not obtain relief on the basis of a motion under Rule 60(b) that was filed

more than one year after the judgment). This is because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement and courts have no authority to create equitable exceptions to jurisdictional requirements." *Id.* at 918 (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (alterations omitted)). Ellis therefore has no right to relief from the judgment itself, and he is also not entitled to an additional opportunity to respond to or appeal the judgment.

III. **CONCLUSION**

For the foregoing reasons, Ellis motion for relief from judgment is DENIED.

New Orleans, Louisiana, this __3rd__ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE