UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION "R" (2) |

**ORDER AND REASONS**

The Court has received defendant Anthony Ellis's motion for compassionate release.[1]   The government opposes the motion.[2]   Because defendant has not exhausted his administrative remedies, and because defendant has not shown that he meets the requirements for compassionate release, the Court denies Ellis's motion.

## I.   BACKGROUND

Anthony Ellis participated in a conspiracy that coerced adult women into prostitution.[3]   Ellis forced women to commit sex acts and would physically assault them if they did not follow his orders.[4]   On one occasion,

---

[1]   R. Doc. 534.
[2]   R. Doc. 536.
[3]   *See generally* R. Doc. 193 (factual basis).
[4]   *Id.* at 1-2.

Ellis beat a woman with an extension cord.[5]  Ellis was charged with one count

of conspiracy to commit sex trafficking and one count transportation for

prostitution,[6] and he pleaded guilty to both counts.[7]  On June 8, 2016, the

Court sentenced Ellis to 180 months' imprisonment.[8]  Ellis is incarcerated at

Canaan USP in Pennsylvania, with an expected release date of March 10,

2027.[9]

Ellis now moves for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A) due to the COVID-19 pandemic.[10]  He claims that he cannot

engage in social distancing in the prison.[11]  He further states that he was born

premature and has "severe asthma and an enlarged liver."[12]

## II.   DISCUSSION

The government first argues that Ellis cannot be released because he

has not exhausted his administrative remedies.  The Compassionate Release

Statute reads:

---

5       *Id.* at 3.
6       *See* R. Doc. 169 (third superseding bill of information).
7       R. Doc. 191 (minute entry); R. Doc. 192 (plea agreement).
8       R. Doc. 375 at 2.
9       *See*   *Inmate*   *Locator,*   *Federal*   *Bureau*   *of*   *Prisons,* https://www.bop.gov/inmateloc/ (last visited July 16, 2020).
10      R. Doc. 534.
11      *Id.* at 1.
12      *Id.* at 1.

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c); *see also United States v. Fisher*, No. 118CR00118MRWCM1, 2020 WL 2411796, at *2 (W.D.N.C. May 12, 2020) (collecting cases standing for the proposition that many "courts . . . continue[] to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic"). Indeed, two circuit courts have recently held that a defendant must exhaust their remedies with the BOP before a court may consider a motion for compassionate release. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020) (holding that administrative exhaustion under the compassionate release statute is a mandatory claim-processing rule); *United States v. Raia*, 597 (3rd Cir. 2020) (holding that failure to exhaust "presents a glaring roadblock foreclosing compassionate release").

Ellis filed a motion with the warden on June 2, 2020, asking to be put on home confinement.[13]  Ellis's attorney also wrote to the warden on May 28, 2020, asking that he be released.[14]  The warden denied both requests.[15]  But Ellis does not assert—nor is there any evidence in the record to suggest—that he appealed either of these decisions.  The statute clearly states that a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons."  18 U.S.C. § 3582(c).  Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies.  *See, e.g.*, *United States v. Whirl*, No. 5:18-cr-17, 2020 WL 3883656, at *1-2 (S.D. Miss. July 9, 2020) (noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the warden signed the response and that failure to do so is a failure to exhaust administrative remedies); *United States v. Hooker*, No. 3:14-cr-0367, at 1 (N.D. Tex. July 8, 2020) (holding that a failure to appeal a warden's decision is a failure to exhaust administrative remedies).

---

13      R. Doc. 536-1 at ¶ 2. Defendant's motion is illegible when scanned into the record.  The Court therefore relies on the BOP's representation of what Ellis's request stated.
14      R. Doc. 536-2.
15      R. Doc. 563-3; R. Doc. 536-1.

This requirement exists even when thirty days have passed since the warden received a request from a defendant. In other words, when a warden has denied a defendant's request, the defendant cannot forgo an appeal of the denial by waiting thirty days from the receipt of a defendant's request. *See United States v.* Martin, No. 3:16-cr-70, 2020 WL 3065302, at *2-3 (S.D. Miss. June 9, 2020); *United States v. Np Lap Seng*, No. 15-cr-706, 2020 WL 2301202, at *6 (S.D.N.Y. May 8, 2020) (collecting cases); *United States v. Cotto*, No. 16-36, 2020 WL 2735960, at *2 (E.D. La. May 26, 2020) (finding that when the BOP formally denies a defendant's motion, the defendant must appeal that decision to exhaust his or her administrative remedies). Therefore, because defendant failed to appeal the warden's denial of his release, he has failed to exhaust his administrative remedies. This creates a "glaring roadblock" to his motion for compassionate release. *Raia*, 954 F.3d 594 at 597.

Moreover, Ellis has not shown that he satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that

"substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Ellis is thirty-two years old and cites no family circumstances. And although defendant asserts that he has asthma, there is no indication that this condition is not under control with the prescription medication he is taking. Moreover, defendant has not shown that his illness rises to the level of a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A). Defendant's medical condition therefore does not rise to the level of an "extraordinary and compelling reason" meriting release.

The policy statement also requires that "[t]he defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2). Here, defendant has a lengthy criminal history, including a

violent crime.[16]  And defendant's instant offenses are sex crimes, including a

conspiracy to commit sex trafficking that lasted over a year.[17] The Court

therefore does not find grounds under the Sentencing Commission's policy

statements for compassionate release.

Additionally, the Court does not find the Section 3553(a) factors

support such a reduction.   When determining whether to modify a

sentencing under Section 3582(c)(1)(A), the Court must "consider[] the

factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A).  Here, the

"seriousness of the offense" militates against early release.  *See* 18 U.S.C.

§ 3553(a)(2)(A).  Ellis was sentenced for a sex-trafficking conspiracy.[18]  The

factual basis, the truth of which Ellis has attested to, recounts incidents of

Ellis abusing women in order to force them to continue prostitution.[19]  The

Attorney General specifically excluded sex offenders from those for whom

home confinement should be considered as a priority, given "the danger

posed by the inmate to the community."[20]

---

[16]      *See* R. Doc. 345 at 29-34.
[17]      *See* R. Doc. 193.
[18]      *See* R. Doc. 345.
[19]      *See* R. Doc. 193.
[20]      *See* Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_ confinement.pdf.

## III.   CONCLUSION

For the forgoing reasons, the Court DENIES defendant's motion for compassionate release.


New Orleans, Louisiana, this __20th__ day of July, 2020.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE