UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Anthony Ellis's motion to reopen his 28 U.S.C. § 2255 proceeding.[1] The Government opposes the motion on the grounds that Ellis's motion is a successive habeas petition, and he has not sought authorization from the Fifth Circuit to file it.[2] The Court considers the motion below.

On September 23, 2016, defendant Anthony Ellis moved to vacate his sentence under 28 U.S.C. § 2255.[3] On May 22, 2017, Ellis filed an amendment to his motion to vacate.[4] Ellis raised the following claims in support of his motion to vacate: (1) that his sentence was unconstitutional in light of recent Supreme Court decisions; (2) that his lawyer was ineffective;

---

1   R. Docs. 546 & 566.
2   R. Doc. 219.
3   R. Doc. 426.
4   R. Doc. 445.

and (3) that various aspects of his sentence, including his sentencing enhancements and consecutive terms of imprisonment, violated the Eighth Amendment. On February 21, 2018, this Court considered and denied Ellis's section 2255 motion.[5] On January 19, 2021, defendant filed this motion to reopen his previous section 2255 proceeding.[6] In his motion to reopen proceedings, Ellis represents that this Court committed a "plain error" by allegedly sentencing him to a term of imprisonment above the statutory maximum for conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1591.[7] He asserts that "new precedent establishes" that the Court imposed a sentence above the statutory maximum, citing *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016).[8]

Given that Ellis's petition raises arguments that he already made, or could have made, during his initial collateral proceedings, his petition is "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second' or 'successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes

---

5   R. Doc. 469.
6   R. Doc. 546.
7   *Id.* at 6.
8   *Id.* at 2, 5.

an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))). Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

Here, there is nothing in the record that indicates Ellis sought authorization from the Fifth Circuit to file this successive petition. Consequently, this Court lacks jurisdiction to review Ellis's petition. As such, the Court denies Ellis's motion to reopen his section 2255 proceeding. *See United States v. Mason*, 116 F. App'x 469, 470 (5th Cir. 2004) (holding that, without authorization from the Fifth Circuit, the "district court would have been required to dismiss [defendant's] motion for lack of jurisdiction"); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

For the foregoing reasons, the Court DISMISSES defendant's motion WITHOUT PREJUDICE.

New Orleans, Louisiana, this __18th__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE