UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                              CRIMINAL ACTION

VERSUS                                                              NO. 13-286

ANTHONY ELLIS                                           SECTION "R" (1)


**<u>ORDER AND REASONS</u>**

Before the Court is defendant Anthony Ellis's second motion to reopen his 28 U.S.C. § 2255 proceeding.[1]  The Government opposes the motion on the grounds that Ellis's motion is a "third or successive petition to reopen" his section 2255 proceeding, and he has not sought authorization from the Fifth Circuit to file it.[2]  The Court considers the motion below.

On September 23, 2016, defendant Anthony Ellis moved to vacate his sentence under 28 U.S.C. § 2255.[3]   On May 22, 2017, Ellis filed an amendment to his motion to vacate.[4]  Ellis raised the following claims in support of his motion to vacate: (1) that his sentence was unconstitutional in light of recent Supreme Court decisions; (2) that his lawyer was ineffective;

---

[1]      R. Doc. 570.
[2]      R. Doc. 572.
[3]      R. Doc. 426.
[4]      R. Doc. 445.

and (3) that various aspects of his sentence, including his sentencing enhancements and consecutive terms of imprisonment, violated the Eighth Amendment.  On February 21, 2018, this Court considered and denied Ellis's section 2255 motion.[5]  On January 19, 2021, defendant filed a motion to reopen his previous section 2255 proceedings.[6]   In that motion, Ellis represented that this Court committed a "plain error" by allegedly sentencing him to a term of imprisonment above the statutory maximum for conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1591.[7]  The Court denied Ellis's motion because it was an unauthorized successive petition that the Court lacked jurisdiction to consider.[8]

On April 25, 2022, Ellis again moved to reopen his section 2255 proceedings, but does not raise any new claims in his motion.[9]  Ellis does not specify a specific procedural basis for his "motion to reopen," but suggests he wants to reopen his prior section 2255 motions challenging his conviction. After a section 2255 petition has been dismissed, Rule 60(b) of the Federal Rules of Civil Procedure remains an available avenue for a federal prisoner to reopen his section 2255 proceedings.   "A Rule 60(b) motion that

---

[5]     R. Doc. 469.
[6]     R. Doc. 546.
[7]     *Id.* at 6.
[8]     R. Doc. 567.
[9]     R. Doc. 570.

(1) presents a new habeas claim, (2) attacks the federal court's previous resolution of a claim on the merits, or (3) presents new evidence or new law in support of a claim already litigated, should be treated as a second or successive habeas petition." *Robinson v. United States*, No. 04-260, 2018 WL 3046255, at *2 (N.D. Tex. June 20, 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  Here, Ellis's motion to reopen his prior section 2255 proceedings generally reasserts his prior challenges to the merits of his conviction and sentence.  The Court thus finds that Ellis's motion to reopen is a successive habeas petition.  *See United States v. Taylor*, 270 F. App'x 363, 365 (5th Cir. 2008) (construing petitioner's motion for reconsideration of the court's denial of his habeas petition as a successive section 2255 petition when petitioner essentially reargued his original habeas claims).

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the appellate] court has granted the petitioner permission to file one."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).  Ellis did not

receive authorization from the Fifth Circuit to file this successive petition.[10] Accordingly, this Court lacks jurisdiction to consider his motion. Given that this is defendant's third habeas petition—and the Fifth Circuit did not authorize his prior petitions—the Court finds that dismissal is the appropriate course. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

For the foregoing reasons, the Court construes defendant's motion to reopen his habeas proceedings as a successive habeas petition, and DISMISSES the petition.

New Orleans, Louisiana, this __14th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10]     According to the record in this case, the Fifth Circuit dismissed Ellis's petition for want of prosecution on April 14, 2022.  R. Doc. 568.

4