UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court are defendant's motions to reduce his sentence pursuant to the First Step Act[1] and to correct a clerical error.[2] Both motions are opposed.[3] For the following reasons, the Court denies both motions.

## I.   BACKGROUND

On April 20, 2015, Anthony Ellis pleaded guilty to one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371 and one count of transportation for prostitution in violation of 18 U.S.C. § 2421.[4] On June 8, 2016, Ellis was sentenced to 180 months' imprisonment, consisting of 60 months as to the first count and 120 months as to the second count, to

---

[1]   R. Doc. 580.
[2]   R. Docs. 191 & 169.
[3]   R. Docs. 585 & 593.
[4]   R. Doc. 375.

be served consecutively.[5] In calculating Ellis's sentence under the United States Sentencing Guidelines, the Court increased his criminal history category from IV to VI under the career offender provision, U.S.S.G. § 4B1.1(b).[6]

Ellis subsequently moved to vacate his sentence under 28 U.S.C. § 2255 on various grounds, including that the career offender enhancement was unconstitutional as applied to him on the basis of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *Mathis v. United States*, 579 U.S. 500 (2016).[7] The Court denied the motion and declined to issue a certificate of appealability.[8] Thereafter, Ellis filed a motion for relief from the Court's judgment denying his motion,[9] which the Court denied.[10] Ellis then filed a motion to reduce his sentence under the First Step Act,[11] which the Court denied.[12] Ellis filed a motion for compassionate release,[13] which the Court denied.[14] Ellis filed two motions to

---

| | |
|---|---|
| 5 | R. Doc. 361. |
| 6 | R. Doc. 469 at 2. |
| 7 | R. Doc. 427-1. |
| 8 | R. Doc. 469. |
| 9 | R. Doc. 499. |
| 10 | R. Doc. 505. |
| 11 | R. Doc. 511. |
| 12 | R. Doc. 528. |
| 13 | R. Doc. 534. |
| 14 | R. Doc. 537. |

reopen his § 2255 proceedings,[15] and each was dismissed for lack of jurisdiction as a successive habeas petition.[16]

Ellis now moves again for a sentence reduction under the First Step Act, arguing that he may receive credit for programs taken and that "new law" renders him ineligible for the career offender enhancement under the Sentencing Guidelines.[17] The Government argues that Ellis is ineligible for a sentence reduction because he has not exhausted his administrative remedies and is ineligible to obtain time credits because of his conviction under 18 U.S.C. § 1591.[18] The Government further argues that Ellis's claim that he was "over-sentenced" fails because his sentence was below the guideline range and less than the statutory maximum, he has already litigated the propriety of his sentence, and he has not exhausted his administrative remedies.[19] Ellis also moves the Court to "correct a clerical error," alleging that it is error for his judgment to reference 18 U.S.C. § 1591(a), the substantive statute he was convicted of conspiring to violate.[20]

The Court considers the motions below.

---

15   R. Docs. 546, 566, & 570.
16   R. Docs. 567 & 576.
17   R. Doc. 580.
18   R. Doc. 585 at 3.
19   *Id.* at 3-4.
20   R. Doc. 590.

## II. DISCUSSION

### A. Motion to Reduce Sentence

Ellis styles his motion as a motion to reduce his sentence under the First Step Act on the basis of time credits earned and an unlawful sentence. The only provision of the First Step Act that provides a mechanism for Ellis to move to reduce his sentence is found in 18 U.S.C. § 3582(c)(1). Under that provision, a court may reduce the term of imprisonment "after the defendant has exhausted all administrative rights . . . [and] after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction; or . . . to the extent otherwise expressly permitted." 18 U.S.C. § 3582(c)(1). Here, Ellis has not offered any evidence that he has exhausted his administrative remedies. This creates a "glaring roadblock" to his motion for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even assuming his administrative remedies were exhausted, Ellis has not pointed to any "extraordinary and compelling" reasons warranting such a reduction. While not binding, the phrase "extraordinary and compelling reasons" is clarified by a policy statement promulgated by the United States Sentencing Commission that outlines four categories of extraordinary and

4

compelling reasons: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021); U.S.S.G. § 1B1.13. Ellis has not pointed to any medical conditions or family circumstances that would justify early release, and is currently under sixty-five years old. Ellis puts forward no "other reasons." Accordingly, the Court finds that there are no extraordinary and compelling reasons justifying early release.

Further, the Court does not find that the § 3553(a) factors support such a reduction. When determining whether to modify a sentence under § 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. *See id.* § 3553(a)(2)(A). Ellis was sentenced for a sex-trafficking conspiracy.[21] The factual basis, the truth of which Ellis has attested to, recounts incidents of Ellis abusing women in order to force them to continue prostitution.[22] The need "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant" also weigh against early release. Ellis has a lengthy criminal history, including a violent crime,[23] and Ellis's instant offenses are sex

---

[21] R. Doc. 345.
[22] *See* R. Doc. 193.
[23] *See* R. Doc. 345 at 29-34.

5

crimes, including a conspiracy to commit sex trafficking that lasted over a year.[24]

To the extent that Ellis challenges the legality of his sentence, his motion must be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003); *United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. 2012). Additionally, Ellis has already litigated the application of the career offender provision to his case in his first § 2255 motion.[25] Given that Ellis's petition raises arguments that he already made, or could have made, during his initial collateral proceedings, his petition is "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second' or 'successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))).

Under § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). This requirement "acts as a jurisdictional bar to the district court's asserting

---

[24] R. Doc. 193.
[25] *See* R. Doc. 427-1.

6

jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam). Here, there is nothing in the record that indicates Ellis sought authorization from the Fifth Circuit to file this successive petition. Consequently, this Court lacks jurisdiction to review Ellis's petition. The Court therefore denies Ellis's motion to reduce his term of imprisonment on the basis of an unlawful sentence. *See United States v. Mason*, 116 F. App'x 469, 470 (5th Cir. 2004) (holding that, without authorization from the Fifth Circuit, the "district court would have been required to dismiss [defendant's] motion for lack of jurisdiction"); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

### B. Motion to Correct Clerical Error

As this Court held in ruling on a nearly identical motion by Ellis's codefendant Duane Phillips, "[t]he judgment clearly indicates that [defendant] pleaded guilty only to . . . conspiracy to commit sex trafficking," not the substantive offense.[26] Ellis was convicted of violating 18 U.S.C. § 371, the general federal conspiracy statute, and 18 U.S.C. § 2421, the

---

[26]  R. Doc. 588.

transportation for prostitution statute.[27]  The third superseding bill of information, the operative charging document for Ellis, brought two charges.[28]  Count one charged Ellis with conspiracy under 18 U.S.C. § 371.[29]  The object of the conspiracy was to commit sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1) and (2).[30]  Count two charged Ellis with transporting an individual in interstate commerce with the intent that such individual engage in prostitution under 18 U.S.C. § 2421.[31]

Ellis pleaded guilty to both counts.  The plea agreement states that the Ellis would be pleading guilty to one "violation of 18 U.S.C. § 371 conspiracy to commit 18 U.S.C. § 1591, and of 18 U.S.C. § 2421."[32]  The Court, at Ellis's sentencing, characterized the charges as "one count of conspiracy to commit sex trafficking, in violation of [18 U.S.C. § 1591(a)(1) and (2),] all in violation of [18 U.S.C. § 371]; and one count of interstate transportation of a person for the purpose of prostitution, in violation of [18 U.S.C. § 2421]."[33]

Ellis is thus correct that the only statute he was convicted of violating is 18 U.S.C. § 371.  Although Ellis conspired to violate § 1591, he was not

---

[27]  R. Doc. 375.
[28]  R. Doc. 169.
[29]  *Id.*
[30]  *Id.*
[31]  *Id.*
[32]  R. Doc. 192.
[33]  R. Doc. 425 at 57:10-16.

8

convicted of violating that statute. No correction of the record is warranted in this case because the record contains no error as to Ellis's conviction. The presentence investigation report describes the offense as "Conspiracy to Commit Sex Trafficking," and lists 18 U.S.C. §§ 371, 1591(a)(1), and (a)(2).[34] Sections 1591(a)(1) and (a)(2) are not conspiracy statutes. The substantive statutes are listed only to describe which statutes Ellis conspired to violate. Their inclusion does not mean that Ellis was convicted of both committing the underlying substantive offense and conspiring commit it.

The judgment reflects that Ellis was convicted on two counts: conspiracy to commit sex trafficking and transportation for prostitution.[35] Nowhere does the judgment list 18 USC § 1591 as a count of conviction. As this Court noted in ruling on Phillips's identical motion, quoting *United States v. Warren*, 5 F.4th 1078, 1079 (9th Cir. 2021), the defendant has "the opportunity to present to the BOP this opinion, which construes the judgment to reflect that [d]efendant committed a single offense under 18 U.S.C." § 371, as opposed to two offenses under both 18 U.S.C. §§ 371 and 1591. The same is true here.

## III. CONCLUSION

---

[34] R. Doc. 345 at 2.
[35] R. Doc. 375.

9

For the foregoing reasons, the Court DENIES defendant's motions.

New Orleans, Louisiana, this __13th__ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE