UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                          NO. 13-286

ANTHONY ELLIS                                          SECTION "R" (1)


**ORDER AND REASONS**


Before the Court are defendant's three motions to reduce his sentence[1] and motion to appoint counsel.[2]  The motions to reduce sentence are opposed.[3]  For the following reasons, the Court denies each of defendant's motions.


I.  **BACKGROUND**

On April 20, 2015, defendant Anthony Ellis pleaded guilty to one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371 and one count of transportation for prostitution in violation of 18 U.S.C. § 2421.[4]  On June 8, 2016, Ellis was sentenced to 180 months' imprisonment, consisting

---

[1]      R. Docs. 624, 633 & 642.
[2]      R. Doc. 625.
[3]      R. Doc. 631.
[4]      R. Doc. 375.

of 60 months on the first count and 120 months on the second count, to be served consecutively.[5]  In calculating Ellis' sentence under the United States Sentencing Guidelines, the Court increased his criminal history category from IV to VI under the career offender provision, U.S.S.G. § 4B1.1(b), based on Ellis' two prior state court convictions for possession with intent to sell a controlled substance.[6]

Ellis subsequently moved to vacate his sentence under 28 U.S.C. § 2255 on various grounds, including that the career offender enhancement was unconstitutional as applied to him on the basis of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Mathis v. United States*, 579 U.S. 500 (2016).[7]  The Court denied the motion and declined to issue a certificate of appealability.[8]  Thereafter, Ellis filed a motion for relief from the Court's judgment denying his motion,[9] which the Court denied.[10]  Ellis then filed a motion to reduce his sentence under the First Step Act,[11] which the Court denied.[12]   Ellis filed a motion for

---

[5]     R. Doc. 361.
[6]     R. Doc. 469 at 2.
[7]     R. Doc. 427-1.
[8]     R. Doc. 469.
[9]     R. Doc. 499.
[10]    R. Doc. 505.
[11]    R. Doc. 511.
[12]    R. Doc. 528.

compassionate release,[13] which the Court denied.[14]  Ellis filed two motions to reopen his § 2255 proceedings,[15] and each was dismissed for lack of jurisdiction as a successive habeas petition.[16]  Ellis then moved to reduce his sentence because he alleged that he was eligible to receive time credits based on programs taken, and the Court improperly enhanced his sentence by application of the career offender provision.[17]  Ellis also filed a motion to correct a clerical error, alleging that the judgment erroneously referred to 18 U.S.C. § 1591(a)(1)(2) as a basis of conviction, resulting in the Bureau of Prisons allegedly denying him time credits on the basis of his conviction for a sex trafficking crime.[18]  The Court denied each motion.[19]

Ellis now moves again for a sentence reduction, arguing once again that he is ineligible for the career offender enhancement under the Sentencing Guidelines and that he is improperly being denied time credits based on his conviction for a sex trafficking crime.[20]  The Government argues that Ellis

---

[13]    R. Doc. 534.
[14]    R. Doc. 537.
[15]    R. Docs. 546, 566, & 570.
[16]    R. Docs. 567 & 576.
[17]    R. Doc. 580.
[18]    R. Doc. 590.
[19]    R. Doc. 600.
[20]    R. Docs. 624, 625, & 633.

has already litigated all of the issues that his motions address, and that the Court has denied relief on each of them.[21]

The Court considers the motions below.

## II.   DISCUSSION

### A.   Motion to Appoint Counsel

Ellis seeks the appointment of counsel to assist him in challenging his sentence.[22]  Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Under the Criminal Justice Act, a court may appoint counsel "for any eligible person" if it finds that "the interests of justice so require," and the person "is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2)(B).   While Ellis has not filed a motion styled as a Section 2255 motion, the motions that he has filed seek to challenge the legality of his sentence.   Thus, the Court construes Ellis' motion for appointment of counsel as one for the appointment of counsel to assist him in filing a petition for habeas corpus under 28 U.S.C. § 2255.

---

[21]   R. Doc. 631.

[22]   R. Doc. 625.

4

In determining whether the interests of justice require the appointment of counsel, the Court may consider the adequacy of movant's statement of the issues to be decided, the complexity of those issues, and the merits of movant's intended claim for relief. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) (declining to appoint counsel because "supplemental briefing by counsel would not assist the court and would be an inefficient use of judicial resources"); *United States v. Lake*, 95 F.3d 1148, 1148 (5th Cir. 1996) (declining to appoint counsel because appellant's arguments lacked merit); *United States v. Declouet*, No. 07-198, 2020 WL 708137, at *1 (E.D. La. Feb. 12, 2020) ("Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the complexity of the legal and factual arguments raised by the petitioner's motion, and the capabilities of the petitioner."). Counsel may be appointed only under "exceptional circumstances." *Saucier v. Warden*, 47 F.3d 426, 426 (5th Cir. 1995) (per curiam) (quoting *Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992)).

First, Ellis has adequately stated the basis of his claim for relief in the motions that he has filed. *See United States v. Davis*, 629 F. App'x 613, 619 (5th Cir. 2015) ("[Appellant] appears to have a general understanding of his case and . . . supplemental briefing by appointed counsel would not further

5

aid the court. . . . Thus . . . the court did not abuse its discretion in denying the motion to appoint appellate counsel.").  Ellis seeks to challenge the application of the career offender enhancement in the calculation of his sentence, and his designation as a violent or sex offender, which prevents him from receiving good time credits from the Bureau of Prisons.[23]

Second, the proposed basis for Ellis' motion is meritless.  Ellis has already filed motions seeking the relief he requests an attorney to assist him in obtaining, and the Court denied the motions as meritless.[24]  Appointing counsel for further briefing or argument on any of the matters identified by Ellis would be a waste of judicial resources.  *See Peebles v. United States*, No. 17-463, 2022 WL 278179, at *11 (W.D.N.Y. Jan. 31, 2022) ("The likely merit of a petitioner's habeas claims is central to the determination whether appointment of counsel at public expense is warranted.").  Thus, the interests of justice do not require appointment of counsel in this case.

### B.    Motions to Reduce Sentence

Ellis has filed three documents challenging the legality of his sentence on the grounds that the Court erred in sentencing Ellis as a career offender

---

[23]    *See* R. Docs. 624, 633, & 642.
[24]    R. Docs. 469, 505, 576, & 600.

under the Sentencing Guidelines because his convictions under 18 U.S.C. §§ 371 and 2421 did not qualify as violent crimes or sex crimes.[25]  Because Ellis challenges the legality of his sentence, his motions must be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *See Castro v. United States*, 540 U.S. 375, 381-82 (2003); *United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. 2012).  Additionally, Ellis has already litigated the application of the career offender provision to his case in his first Section 2255 motion,[26] as well as the proper statute underlying his conviction in his motion to correct a clerical error.[27]  Given that Ellis' petition raises arguments that he already made, or could have made, during his initial collateral proceedings, his petition is "second or successive."  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second' or 'successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))).

Under § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  This

---

[25]     R. Docs. 624, 625, 633, & 642.

[26]     *See* R. Doc. 427-1.

[27]     R. Doc. 590.

requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).   Here, there is nothing in the record that indicates Ellis sought authorization from the Fifth Circuit to file this successive petition.   Consequently, this Court lacks jurisdiction to review Ellis' petition.   The Court denies Ellis' motions to reduce his term of imprisonment on the basis of an unlawful sentence.   *See United States v. Mason*, 116 F. App'x 469, 470 (5th Cir. 2004) (holding that, without authorization from the Fifth Circuit, the "district court would have been required to dismiss [defendant's] motion for lack of jurisdiction"); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for appointment of counsel, and DISMISSES defendant's motions to reduce his sentence for lack of jurisdiction.


New Orleans, Louisiana, this __11th__ day of July, 2024.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE