UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| ANTHONY ELLIS | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant's motion to reduce sentence under the First Step Act.[1] The motion to reduce sentence is opposed.[2] For the following reasons, the Court dismisses the defendant's motion for lack of jurisdiction.

## I. BACKGROUND

On April 20, 2015, defendant Anthony Ellis pled guilty to one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371 and one count of transportation for prostitution in violation of 18 U.S.C. § 2421.[3] On June 8, 2016, Ellis was sentenced to 180 months' imprisonment, consisting of 60 months on the first count and 120 months on the second count, to be served consecutively.[4] In calculating Ellis' sentence under the United States

---

[1] R. Doc. 681.
[2] R. Doc. 687.
[3] R. Doc. 375.
[4] R. Doc. 361.

Sentencing Guidelines, the Court increased his criminal history category from IV to VI under the career offender provision, U.S.S.G. § 4B1.1(b), based on Ellis' two prior state court convictions for possession with intent to sell a controlled substance.[5]

Ellis subsequently moved to vacate his sentence under 28 U.S.C. § 2255 on various grounds, including that the career offender enhancement was unconstitutional as applied to him.[6] The Court denied the motion and declined to issue a certificate of appealability.[7] Thereafter, Ellis filed a motion for relief from the Court's judgment denying his motion,[8] which the Court denied.[9] Ellis then filed a motion to reduce his sentence under the First Step Act,[10] which the Court denied.[11] Ellis filed a motion for compassionate release,[12] which the Court denied.[13] Ellis filed two motions to reopen his § 2255 proceedings,[14] and each was dismissed for lack of jurisdiction as a successive habeas petition.[15] Ellis then moved to reduce his

---

[5]  R. Doc. 469 at 2.
[6]  R. Doc. 427-1.
[7]  R. Doc. 469.
[8]  R. Doc. 499.
[9]  R. Doc. 505.
[10] R. Doc. 511.
[11] R. Doc. 528.
[12] R. Doc. 534.
[13] R. Doc. 537.
[14] R. Docs. 546, 566, & 570.
[15] R. Docs. 567 & 576.

sentence because he alleged that he was eligible to receive time credits for program participation, and the Court improperly enhanced his sentence by application of the career offender provision.[16] Ellis also filed a motion to correct a clerical error, alleging that the judgment erroneously referred to 18 U.S.C. § 1591(a)(1)(2) as a basis of conviction, resulting in the Bureau of Prisons allegedly denying him time credits on the basis of his conviction for a sex trafficking crime.[17] The Court denied each motion.[18] Ellis then moved again for a sentence reduction under the First Step Act.[19] The Court again denied the motion.[20]

Ellis now moves again for a sentence reduction.[21] Ellis argues once again that his conviction is mislabeled as a violent and sex crime, and he is therefore wrongfully denied time credit under the First Step Act as a career offender.[22] The Government argues that Ellis has already litigated the issue he raises, and that this Court has previously denied relief.[23]

The Court considers the motion below.

---

[16]   R. Doc. 580.
[17]   R. Doc. 590.
[18]   R. Doc. 600.
[19]   R. Doc. 624, 633 & 642.
[20]   R. Doc. 666.
[21]   R. Doc. 681.
[22]   *Id.*
[23]   R. Docs. 631 & 687.

3

## II. DISCUSSION

Ellis argues that that the Court erred in sentencing him as a career offender under the Sentencing Guidelines because his convictions under 18 U.S.C. §§ 371 and 2421 did not qualify as violent or sex crimes.[24] Because Ellis challenges the legality of his sentence, his motions must be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003).

Ellis has already litigated the application of the career offender provision to his case in his first § 2255 motion,[25] as well as the proper statute underlying his conviction in his motion to correct a clerical error.[26] Given that Ellis' petition raises arguments that he made during his initial collateral proceedings, his petition is "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).

Under § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one." *United States v. Key*, 205

---

[24] R. Doc. 681.
[25] *See* R. Doc. 427-1.
[26] R. Doc. 590.

4

F.3d 773, 774 (5th Cir. 2000) (per curiam). Here, nothing in the record indicates Ellis sought authorization from the Fifth Circuit to file this successive petition. Consequently, this Court lacks jurisdiction to review Ellis' petition and the Court dismisses Ellis' motion.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES defendant's motion to reduce his sentence.

New Orleans, Louisiana, this __25th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE